UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TINA R. CONCEPCION, *pro se*,       :
                                    :
                    Plaintiff,      :
                                    :         **MEMORANDUM & ORDER**
            -against-               :         **15-CV-5679 (DLI)**
                                    :
WESTCHASE RESIDENTIAL ASSIST II LLC,:
SELENE FINANCE, CHASE HOME FINANCE  :
LLC, JP MORGAN CHASE, CTX MORTGAGE  :
CO, GRYMES HILL HOMEOWNERS          :
ASSOCIATION IN C/O ISLAND CONDO     :
MANAGEMENT CORP,                    :
                                    :
                    Defendant.      :
-------------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

    Plaintiff Tina R. Concepcion ("Plaintiff"), proceeding *pro se*,[1] brings this action against Defendants alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). For the reasons discussed below, those portions of Plaintiff's Complaint seeking equitable relief are dismissed *sua sponte* for lack of subject matter jurisdiction, with prejudice. Those portions of Plaintiff's Complaint seeking monetary relief also are dismissed *sua sponte* for failure to state a claim, without prejudice, and Plaintiff is granted leave to file an Amended Complaint as to those claims, only.

## BACKGROUND

    The Complaint is, at best, a stream of consciousness composed of allegations and demands, but virtually no facts. *See* Complaint ("Compl."), Dkt. Entry No. 1. From what the

---

[1] The Court is mindful of the fact that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Thus, this Court interprets the Complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal citations andquotation marks omitted).

Court can glean from the documents attached[2] to the Complaint, on or about December 5, 2007, Plaintiff received a mortgage loan in the amount of $453,779.00 for a property located at 27 Tessa Court, Staten Island, New York 10304. *See* Jul. 14, 2015 Letter from Selene Finance, Dkt. Entry No. 1-2 at 8. Thereafter, in 2009, Chase Home Finance, LLC ("Chase") initiated a foreclosure action against Plaintiff in the New York State Supreme Court, Richmond County. *See* New York State eCourts Case Detail (Index No. 130401/2009), Dkt. Entry No. 1-4 at 4. It appears that this case was disposed of by the state court in 2013. *Id*. Roughly five years later, in 2015, Westchase Residential Assets ("Westchase") filed a separate foreclosure action against Plaintiff in the same court. *See* Letter from New York State Sup. Ct., Dkt. Entry No. 1-2 at 2. A review of this proceeding's status on the New York State eCourts website reveals that this proceeding was disposed of on March 15, 2016. *See Westchase Residential Assets v. Concepcion*, Index No. 135261/2015, NEW YORK STATE UNIFIED COURT SYS., https://iapps.courts.state.ny.us/webcivil/FCASSearch.

Plaintiff alleges that she is a victim of predatory lending and that "the bank" refused to give her a loan modification because of her disability, age, race, and gender. *See* Compl. at 2. She does not specify which Defendant engaged in predatory lending or denied her a loan modification. *See generally Id*. Plaintiff also claims that she is entitled to relief because of Defendants' unidentified "false statements" to unspecified state and federal courts. *Id*. Plaintiff provides no information about her age, race, or gender. *See generally Id*. The only information she offers that might even scratch the topic of "disability" is that she is currently under the care of a physician for injuries sustained in an accident in 2012. *See generally Id*.; *see also* Jun. 26, 2016 Letter from Sudha Patel, M.D., Dkt. Entry No. 1-2 at 3.

---

[2] The exhibits to the Complaint consist of almost one hundred pages that follow no discernable pattern of organization and, like the Complaint itself, are confusing. As Plaintiff neither included exhibit tabs nor page numbers for these attachments, the Court will refer to the page number in of the associated file the CM/ECF system.

Furthermore, it appears as though one Defendant, Selene Finance, offered Plaintiff a loan modification and that she was advised by an attorney concerning the terms of the modification and a potential counteroffer. *See* Jul. 29, 2015 E-mail from Randi Scherman, Staff Attorney, Staten Is. Legal Servs., Dkt. Entry No. 1-2 at 4-5.

Plaintiff seeks monetary relief in the amount of $1,000,000,000 from each Defendant, in addition to various forms of injunctive relief that would have the Court order that: (a) her "home be given to" her; (b) Defendants "remove their names from the title" to her home; and (c) Defendants "remove their reports" against Plaintiff and her sister "from all credit bureaus." Compl. at 2. The Court construes Plaintiff's request for equitable relief to seek clear title to her home and the removal of the mortgage debt from her credit report and her sister's credit report.

## DISCUSSION

**A.      Equitable Relief**

The documents attached to the Complaint and the current records of the New York State Unified Court System bear out that, at the time of filing, one matter was concluded and one was pending.

### *i. Rooker-Feldman Doctrine*

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party, or by the Court, *sua sponte*. Indeed, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (internal citations omitted). If this Court lacks subject matter jurisdiction, it must dismiss the action. *See* FED. R. CIV. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "[C]ourts within this Circuit routinely hold

3

that a federal court action seeking to overturn a state court judgment of foreclosure or eviction is barred by the *Rooker-Feldman* [D]octrine." *Rossman v. Stelzel*, No. 11-CV-4293 (JS) (ETB), 2011 WL 4916898, at *4 (E.D.N.Y. Oct. 13, 2011) (collecting cases).

For the *Rooker-Feldman* Doctrine to apply and bar an action, four requirements must be satisfied: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings" began. *Ashby v. Polinsky*, 328 F. App'x 20, 21 (2d Cir. May 6, 2009) (quoting *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007)).

Here, presuming Plaintiff seeks reversal of a state court judgment in the proceeding initiated by Chase that was disposed of in 2013, her case presents the *Rooker-Feldman* Doctrine's "paradigm situation . . . where the plaintiff has repaired to federal court to undo the state judgment." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)). To the extent Plaintiff seeks clear title to her property premised upon overturning or challenging the final resolution of the state court proceeding initiated by Chase, all four elements of the *Rooker-Feldman* Doctrine are satisfied. As such, her claims for equitable relief concerning this case are dismissed for lack of subject matter jurisdiction.

### ii. *Younger Abstention Doctrine*

As for the court proceeding initiated by Westchase that appears to have been pending when Plaintiff filed the present action, her claims would be barred by the *Younger* Abstention Doctrine. "[F]ederal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d

65, 74 (2d Cir. 2003) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)). "*Younger* abstention is mandatory when: (1) there is a state court proceeding; (2) that implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Id*. at 75. (internal citations omitted).

Here, the state court proceedings seem to have been pending when the action was filed. *See Westchase Residential Assets v. Concepcion*, Index No. 135261/2015, NEW YORK STATE UNIFIED COURT SYS., https://iapps.courts.state.ny.us/webcivil/FCASSearch (noting a "disposition" date of March 15, 2016). The proceedings concerned the disposition of real property which, this Court has recognized, "implicate[s] important state interests." *Clark v. Bloomberg*, No. 10-CV-1263 (JG), 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010). Finally, the state courts undoubtedly offer an opportunity for judicial review of her constitutional claims and avenues of appeal. *See Haynie v. New York Hous. Auth.*, No. 14-CV-5633 (CBA), 2015 WL 502229, at *2-3 (E.D.N.Y. Feb. 5, 2015) ("[t]here is no suggestion that [the plaintiff] is unable to assert his due process claims in the state court proceedings"); *Clark*, 2010 WL 1438803, at *2 ("[t]here is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise"). Accordingly, her claims asking for equitable relief concerning the litigation initiated by Westchase are dismissed.

**B.     Monetary Relief**

Plaintiff also seeks monetary damages based on Defendants' violations of Title VII and the ADA. Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Similarly, "[o]ne of the central goals of the [ADA], is to ensure that, if reasonably practicable, individuals are able to obtain and maintain employment

5

without regard to whether they have a disability." *McMillan v. City of New York*, 711 F.3d 120, 122-23 (2d Cir. 2013).

Plaintiff alleges that the conduct underlying the Complaint pertains to "the bank" refusing to give her a loan modification on account of her disability, race, age, and gender. Compl. at 2. These claims are not connected to employment in any manner and, as such, the claims under Title VII and the ADA are dismissed, *sua sponte*. *See* 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (describing a complaint as "frivolous where it lacks an arguable basis either in law or fact"); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (explaining that a court may dismiss a "frivolous complaint *sua sponte*" regardless of whether a plaintiff has paid the filing fee).

C.  **Leave to File an Amended Complaint**

"A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gardner v. McArdle*, 461 F. App'x 64, 66 (2d Cir. Feb. 16, 2012) (quoting *Barnum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (internal quotation marks omitted) (Summary Order). However, where a complaint fails to "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded," the district court need not grant leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Thus, the Court's task is to determine if it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Here, with respect to Plaintiff's requests for equitable relief, the Court finds that allowing her to re-plead would be futile. At the time of filing, one state court action was disposed and the

other was pending; currently, they are both disposed. No amount of re-pleading, in either scenario, will change the fact that this Court must abstain for lack of subject matter jurisdiction. *See Cuoco*, 222 F.3d at 112 ("[T]he problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

On the other hand, the Court cannot "rule out any possibility" that Plaintiff's request for monetary relief may present a colorable claim under the Fair Housing Act, 42 U.S.C. § 3605, for possible discrimination in housing. Plaintiff is admonished that she may not attempt to relitigate the foreclosure action in this lawsuit. Instead, Plaintiff's Amended Complaint must focus on the allegation that she was denied a loan modification on account of her "race," "sex," or "handicap." *See* 42 U.S.C. § 3605. Plaintiff's Amended Complaint must contain some allegations of fact to support her claim(s) of discrimination. Plaintiff's Amended Complaint also must include a calculation of damages that is far more realistic than demanding $1,000,000,000 from each Defendant. Finally, Plaintiff must file her Amended Complaint NO LATER THAN NOVEMBER 7, 2016 or this case will be dismissed automatically, with prejudice.

## CONCLUSION

Those portions of Plaintiff's Complaint seeking equitable relief (*i.e.*, that her home be "given" to her, that title to her home be cleared, and that parties be removed from her credit report) are dismissed with prejudice. Those portions of Plaintiff's Complaint seeking monetary damages are dismissed, but Plaintiff is granted leave to file an Amended Complaint under the Fair Housing Act. The Court denies Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. Entry No. 9) because the Court finds that Plaintiff is employed, receives child support, alimony and rental income and, thus, has sufficient disposable income to pay the filing fee.

7

Accordingly, if Plaintiff chooses to file an Amended Complaint, she also must pay the requisite $400.00 filing fee at that time. This case will not proceed without payment of the fee.

The Amended Complaint must be submitted to the Court **NO LATER THAN NOVEMBER 7, 2016**, be captioned as an "Amended Complaint," and bear the same docket number as this Memorandum and Order, 15-CV-5679 (DLI). For the convenience of the *pro se* plaintiff, "Instructions on How to Amend a Complaint" are attached to this Memorandum and Order. Plaintiff is advised that the Amended Complaint will replace the original pleading. All further proceedings shall be stayed for thirty days. If Plaintiff fails to file an Amended Complaint by November 7, 2016, or if the Amended Complaint failed to comply with this Memorandum and Order, this action shall be dismissed with prejudice.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of appeal.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2016

                                                        /s/
                                        DORA L. IRIZARRY
                                            Chief Judge